Robert L. BASKIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 885S332.

Supreme Court of Indiana.

Sept. 2, 1986.

Rehearing Denied Oct. 24, 1986.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Robert Baskin was tried by the court in Marion County Superior Court, Criminal Division 3 on March 1, 1985, and found guilty of possessing more than three grams of heroin with intent to deliver; possession of paraphernalia intended to be used for drug use; and further,

was found to be a habitual offender. The only claim of error raised by Appellant in this direct appeal is the trial court's finding that Appellant possessed more than three grams of heroin and was guilty of possession with the intent to deliver more than three grams of heroin.

The evidence showed that Indianapolis Police Department's Narcotics Division investigator, Tommie Terrell, watched the residence at 2532 North Ethel Avenue for approximately six weeks prior to the date of March 14, 1984, and observed Appellant Robert Baskin leaving and returning to the residence during the day and late in the evening hours. During this period Appellant was observed at times driving Linda Baskin's automobile. On March 14, 1984, Investigator Terrell obtained a search warrant for 2532 North Ethel Avenue to search for narcotics. He went to the residence in the company of Detective John Patterson and Sergeant James Johnson. At the door, Terrell announced they were police officers and then observed individuals inside the residence running past the bedroom window. Terrell, Patterson, and Johnson broke out a front window and entered the residence. Once inside they discovered Appellant, Linda Baskin, and a small child. Appellant and Linda Baskin were in the front master bedroom and the small child was found in the bedroom across the hall from the master bedroom, referred to as "the baby's room." Linda Baskin was dressed in her "night clothes" and Appellant was dressed in his underwear. One of the officers read the search warrant to Appellant and Linda Baskin and the officers then began to search the residence.

The officers first searched the front master bedroom where they found Appellant and Linda Baskin. On a dresser they found a plate containing a brown powdery substance, several syringes containing liquid, and a playing card which had a brown powdery substance on it. They also discovered a green bedspread which contained a powdery substance. In a closet, which contained both men's and women's clothing,

they found five-hundred and thirty ($530) dollars in currency and several firearms. In this room they also discovered bottle caps, cookers, measuring spoons, sifters, pink capsules containing white powder and a toothbrush in aluminum foil. Detective Patterson then searched the "baby's room" across the hall where he found a closet which also contained both men's and women's clothing. In a blue pin-striped men's suit in that closet he found eight (8) aluminum foil "bindles" which contained a brown powdery substance.

Following their search, the officers advised Appellant and Linda Baskin of their rights, informed them they were under arrest for possession of a narcotic drug, and directed them to dress. Terrell then asked, for the purpose of making his report, where each of them lived. Both Appellant and Linda Baskin stated they resided at that residence, 2532 North Ethel Avenue. Appellant selected clothing he was going to wear from the clothing which had been removed from the front bedroom closet and placed on the floor by the officers. Tests later done on the items found in the residence indicated that the eight "bindles" taken from the suit in the "baby's room" contained 3.2318 grams of heroin. The spoons and cooker caps contained heroin residue. Heroin residue also was found on the glass plates and playing card taken from the master bedroom of the residence. There was no residue of a controlled substance found on the bedspread or the syringes. The technician performing the test did not test the white powdery contents of the pink capsules which were recovered from the residence because he recognized the contents as a "cutting agent."

Appellant waived a jury trial and was tried by the court. Appellant was found guilty of possession with the intent to deliver a narcotic drug weighing more than three grams, pursuant to Count I, and possession of an instrument intended to be used to introduce a controlled substance into one's body, pursuant to Count II. Linda Baskin was also found guilty of the offense specified in Count II, but in regard to Count I was found guilty of the lesser included offense of possession of a controlled substance, weighing less than three grams but not with the intent to deliver.

Appellant's only complaint is that of sufficiency. Appellant acknowledges that the sufficiency of evidence is governed by a well-settled standard and scope of review. We do not reweigh the evidence nor judge the credibility of witnesses and will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the conviction, the finding of the trier of fact will not be disturbed. *Jeffers v. State* (1985), Ind., 485 N.E.2d 81, 85; *Davenport v. State* (1984), Ind., 464 N.E.2d 1302. Appellant argues that even though this is true, that evidence, 1) which merely alludes to a suspicion of guilt, or 2) which establishes only an opportunity to commit a crime, or 3) which demonstrates only the defendant's presence at or near the crime scene, is insufficient to support the defendant's convictions. The State's contention is well taken that here the evidence more than demonstrates a suspicion of guilt, the mere presence of Appellant at the scene, or the mere opportunity of Appellant at the scene, to commit the charged offenses.

Appellant admitted to the police officers that he did, in fact, reside at 2532 North Ethel Avenue. This was corroborated by Officer Terrell who had observed Baskin at the residence for a period of six weeks. The incriminating evidence was found in the two bedrooms occupied by Appellant and Linda Baskin and the small child. The state of dress of all the occupants strongly inferred they were residing there. They were in clothing that suggested they were sleeping there, and dressed from other clothing in the closet. There were no other occupants of the residence. The paraphernalia used for taking the drugs and dispensing and selling them was apparent in the master bedroom occupied by Appellant and Linda Baskin. A large sum of money and weapons were found in clothing in the master bedroom closet. The eight "bindles" of heroin were found in a man's suit

in the closet of the "baby's room" across the hall. Although there was no direct testimony that Appellant owned this suit, one of the officers testified that, in his opinion, it was a size that would fit Appellant. All of these facts support the trial judge's convicting Appellant on both counts. The only testimony in conflict was from Appellant Baskin's father, who said that during this period, Robert Baskin lived with him "on and off", and the testimony of one Michelle Davis, who testified that while she was babysitting one night for Linda Baskin in late February or early March, 1984, a man came by, took clothing out of a suitcase and left the clothing at the residence. This conflict was, of course, to be resolved by the trier of fact.

In support of the State's charge that Appellant possessed the heroin with the intent to sell, Officer Terrell testified as an expert witness that based upon his training and experience the normal heroin user would possess approximately one or two "bindles" of heroin. Detective Patterson also testified that to the best of his knowledge from observing these persons, neither Appellant nor Linda Baskin were gainfully employed at the time of their arrest. It is clearly apparent that all of the above evidence makes reasonable the trial court's finding that Appellant was guilty as charged in both counts beyond a reasonable doubt.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.